# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-1099V**

|  |  |
|---|---|
| DONALD RADER,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 21, 2026 |

*Catherine Wallace Costigan, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Nathaniel Trager, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 18, 2024, Donald Rader filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration a defined Table injury, after receiving an influenza vaccine on October 25, 2022. Petition, ECF No. 1. On August 25, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 30.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $52,430.96 (representing $49,822.00 in fees plus $2,608.96 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 26, 2025, ECF No. 34. Furthermore, counsel represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on September 8, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case and deferring resolution of the amount to be awarded to my discretion. ECF No. 36 at 2-5. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 36.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested by attorneys Catherine Costigan, Danielle Strait, Jamie Robinson, and their supporting paralegals are consistent with prior determinations and shall be awarded, as well as all time devoted by these professionals to the matter. However, Petitioner's counsel did not include an affidavit to substantiate the requested rate of $550.00 for work performed by Mr. Jeffrey Nelson in 2023. As such, I am unable to determine the reasonableness of the proposed rate at this time. I will nevertheless award all fees requested since the total amount in question appears reasonable. But Counsel should note for future reference that "[a] request for an award of attorney's fees at an hourly rate not previously awarded must be substantiated by an affidavit of the attorney. Failure to include complete documentation in support of the request may result in the denial, or reduction in amount, of an attorney's fees and costs award." See Guidelines for Practice at 75.[3]

I have also reviewed the requested costs. Petitioner has provided supporting documentation for all claimed costs. ECF No. 34-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $52,430.96 (representing $49,822.00 in fees plus $2,608.96 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix

---

[3] The guidelines for practice are available on the Court's website:
https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]


**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.